IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEAH CASTRO, individually and as PERSONAL REPRESENTATIVE of the ESTATE OF BRIANDALYNNE CASTRO, deceased minor,, <br><br> Plaintiff, <br><br>    vs. <br><br> LEROY MELCHOR, in his individual capacity; WANNA BHALANG, in her individual capacity; TOMI BRADLEY, in her individual capacity; ROBERTA MARKS, in her individual capacity; KAY BAUMAN, M.D., in her individual capacity; KEITH WAKABAYASHI, in his individual capacity, <br><br> Defendants. | CIVIL NO. 07-00558 LEK |

**ORDER GRANTING DEFENDANTS' MOTION
FOR STAY OF ACTION PENDING APPEAL**

Before the Court is Defendants Leroy Melchor, Wanna Bhalang, Tomi Bradley, Roberta Marks, Kay Bauman, M.D., and Keith Wakabayashi's (collectively "Defendants") Motion for Stay of Action Pending Appeal ("Motion"), filed on December 16, 2010. Plaintiff Leah Castro, individually and as Personal Representative of the Estate of Briandalynne Castro, deceased minor ("Plaintiff"), filed her memorandum in opposition on December 22, 2010. This matter came on for hearing on December 29, 2010. Appearing on behalf of Defendants were Marie Gavigan, Esq., and Richard Lewallen, Esq., and appearing on behalf of

Plaintiff was Suanna Vo Hansen, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendants' Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case.  The Court will therefore only discuss the background that is relevant to the instant Motion.

On November 15, 2010, this Court issued its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment ("Summary Judgment Order").  In pertinent part for purposes of the instant Motion, this Court denied summary judgment to Defendant Kay Bauman, M.D. ("Defendant Bauman"), as to:

> 1) Plaintiff's 42 U.S.C. § 1983 claims based on Defendant Bauman's responsibility, in connection with her duty to oversee the quality of care at the Oahu Community Correctional Center ("OCCC"), for: Defendants Melchor, Bhalang, and Bradley's alleged failure to properly respond to reports of Plaintiff's vaginal bleeding ("the Treatment Decision"); Defendants Wakabayashi and Marks' supervision of Defendants Melchor, Bhalang, and Bradley; and Defendants Wakabayashi and Marks' failure to enforce OCCC policies and procedures regarding the health evaluation of inmates in segregation ("the Segregation Policy Decision").
>
> 2) Plaintiff's negligence claims based on Defendant Bauman's alleged responsibility for the Treatment Decision and the Segregation Policy Decision.
>
> 3) Plaintiff's intentional infliction of emotional distress claims based on Defendant Bauman's alleged responsibility

   for the Treatment Decision and the Segregation Policy Decision.

   4) Plaintiff's claim for punitive damages based on Defendant Bauman's alleged responsibility for the Treatment Decision and the Segregation Policy Decision.

  On December 14, 2010, Defendant Bauman filed a Notice of Appeal from the Summary Judgment Order.  Defendant Bauman seeks review of this Court's denial of qualified immunity.

  In the instant Motion, Defendants argue that Defendant Bauman's appeal has divested this Court of jurisdiction over the claims against her.  Defendants argue that the Court should also stay the trial as to Defendants Melchor, Bhalang, Bradley, Marks, and Wakabayashi ("the Remaining Defendants") to prevent irreparable harm to them.  Defendants contend that Defendants Marks and Wakabayashi and Defendant Bauman "share common material issues" and that, although Defendant Bauman's appeal is not directly related to the claims against Defendants Melchor, Bhalang, and Bradley, those three also "share common material issues" with Defendants Marks and Wakabayashi.  [Motion at 3.] Thus, Defendants argue that the issues in this case are so intertwined that forcing the Remaining Defendants to go to trial during the pendency of Defendant Bauman's appeal would prejudice them.  Defendants also argue that allowing the case to proceed would waste judicial resources because, if Defendant Bauman loses her appeal, she will be forced to stand trial, which would require re-litigating many of the issues that would be addressed

during the first trial.

In her memorandum in opposition, Plaintiff first argues that the Ninth Circuit lacks jurisdiction over Defendant Bauman's appeal because the denial of qualified immunity was based on disputed issues of fact, not questions of law.  Plaintiff, however, acknowledges that the Ninth Circuit can determine if the denial of qualified immunity was proper by assuming that, as the party opposing summary judgment, her version of events is correct.  Thus, she apparently argues that this Court should certify Defendant Bauman's appeal as frivolous and deny a stay as to all Defendants.

Even if the Ninth Circuit does have jurisdiction over Defendant Bauman's appeal, Plaintiff argues that the trial should continue as to the Remaining Defendants because staying the entire case would further delay the case, causing prejudice and inequity to her.  She emphasizes that, because the trial date is so near, continuing the trial will greatly increase her costs of litigation.  Counsel have expended tremendous amounts of time preparing for trial, and Plaintiff's expert has already purchased travel accommodations to appear at trial.  Plaintiff also argues that delaying the trial could cause her to lose the availability of critical witnesses, as evidenced by the fact that one of her crucial witnesses, OCCC guard Hattie Reis, has relocated to the mainland.  Plaintiff notes that Defendant Bauman will be called

to testify at trial, regardless of the status of her appeal.

## DISCUSSION

### I. Stay as to Defendant Bauman

The Ninth Circuit has stated that:

> Although an appellate court generally does not have jurisdiction over an interlocutory appeal from the denial of a motion for summary judgment, an order denying qualified immunity is immediately appealable. Scott v. Harris, 550 U.S. 372, 376 n.2 (2007). Our jurisdiction to review an interlocutory appeal of a denial of qualified immunity, however, is limited exclusively to questions of law. Sanchez v. Canales, 574 F.3d 1169, 1173 (9th Cir.2009). Where disputed issues of material fact exist, we must assume the version of facts presented by the plaintiff. Id.

Wilkinson v. Torres, 610 F.3d 546, 549-50 (9th Cir. 2010) (some citations omitted).

Unless this Court certifies in writing that Defendant Bauman's claim of qualified immunity is frivolous or has been waived, the filing of her appeal divests the Court of jurisdiction to proceed with the trial against her until the resolution of the appeal. See Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992).

> "An appeal is frivolous if it is wholly without merit." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1003 n.3 (9th Cir.2002) (quoting Amwest Mortgage Corp. v. Grady, 925 F.2d 1162, 1165 (9th Cir.1991)); see also In re George, 322 F.3d 586, 591 (9th Cir.2003) (stating that "[a]n appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit"). "This means that the appeal must be so baseless that it does not invoke appellate jurisdiction such as when the disposition is so plainly correct

5

>    that nothing can be said on the other side." Schering Corp. v. First DataBank, Inc., No. C 07-01142 WHA, 2007 WL 1747115 at *3 (N.D.Cal. June 18, 2007) (quoting Apostol v. Gallion, 870 F.2d 1335, 1339 (7th Cir.1989)).

Dagdagan v. City of Vallejo, 682 F. Supp. 2d 1100, 1116 (E.D. Cal. 2010).

The Court stands by its ruling in the Summary Judgment Order that Defendant Bauman is not entitled to qualified immunity for the four claims identified *supra*. This Court also believes that the determination of whether Defendant Bauman is entitled to qualified immunity depends on disputed questions of fact. This Court, however, cannot find that Defendant Bauman's claim of qualified immunity is frivolous. Nor can the Court find that Defendant Bauman waived her claim of qualified immunity. Defendant Bauman's pending appeal therefore deprives this Court of jurisdiction "'over the particular issues involved in [the] appeal.'" See id. at 1115 (quoting City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 886 (9th Cir. 2001)) (alteration in original) (emphasis omitted). Defendants' Motion is GRANTED as to the trial against Defendant Bauman.

## II. **Stay as to Other Defendants**

Plaintiff contends that the case should proceed as to the Remaining Defendants. Defendants seek a stay as to all Defendants because the issues in the claims against the Remaining Defendants are so intertwined with the issues in the claims

against Defendant Bauman that forcing them to go to trial during the pendency of Defendant Bauman's appeal would be prejudicial and a waste of judicial resources.

In spite of Defendant Bauman's appeal, this Court still has "jurisdiction over 'aspects of the case that are not the subject of the appeal.'"  See id. (quoting United States v. Pitner, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002) (some citations omitted)).  Defendant Bauman is the only Defendant who has filed a Notice of Appeal to the Ninth Circuit.  Thus, none of the other Defendants have claims that are the subject of a pending appeal.  This Court therefore has jurisdiction over the claims against the other Defendants and may proceed with the trial on the remaining claims.

Proceeding with the trial on the remaining claims would essentially require this Court to bifurcate Plaintiff's claims against Defendant Bauman from Plaintiff's claims against the Remaining Defendants.  Federal Rule of Civil Procedure 42(b) states, in pertinent part, that: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  The decision whether to bifurcate proceedings is within a court's sound discretion.  See Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004).

In determining whether to bifurcate Plaintiff's claims against Defendant Bauman from Plaintiff's claims against the Remaining Defendants, this Court is persuaded by the district court's analysis in Daviscourt v. Anderson. See Civil Action No. 05-cv-00687-WYD-KLM, 2008 WL 4080006, (D. Colo. Sept. 3, 2008). In denying a stay to the defendants who were not parties to a pending appeal of the denial of qualified immunity, the district court relied upon the following factors: "(1) whether the appeal is likely to be successful; (2) the threat of irreparable harm to the moving parties if the stay is denied; (3) the harm, if any, to the plaintiffs or other opposing parties; and (4) the harm, if any, to the public interest." Id. at *1 (citing Archuleta v. Wagner, No. 06-cv-02061-LTB-MJW, 2007 WL 1247085, at *1 (D. Colo. Apr. 30, 2007) (unpublished decision) (citing FTC v. Mainstream Mktg. Servs., Inc., 345 F.3d 850, 852 (10th Cir. 2003))). The District of Hawai`i has considered these factors in other contexts, such motions to stay a final order pending appeal of the judgment. See, e.g., United States v. Bright, CV 07-00311 ACK-KSC, 2008 WL 351215, at *1 (D. Hawai`i Feb. 7, 2008) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Natural Resources Defense Council, Inc. v. Winter, 502 F.3d 859, 863 (9th Cir. 2007) (some citations omitted)). This Court finds these factors to be relevant and applicable to the instant Motion.

### A. Likelihood of Success

The first factor, whether the appeal is likely to be successful, is neutral. As noted *supra*, this Court stands by its ruling that Defendant Bauman is not entitled to qualified immunity for the four claims listed above, but this Court cannot find that her appeal is frivolous.

### B. Prejudice to Defendants if the Motion is Denied

The second factor, the threat of irreparable harm to Defendants if the stay is denied, weighs in favor of a stay. Some of the prejudice that Defendants will suffer if the Court denies the Motion is not irreparable. For example, Defendants, who are all represented by the same counsel, may have to participate in two separate trials, which will be more time consuming and more expensive, and will require some duplication of evidence. The additional time and expense of separate trials is a harm, but this harm is not irreparable.

The greater concern, however, is the impact that the stay of Defendant Bauman's trial will have on the testimony if a trial against the Remaining Defendants goes forward. "Because qualified immunity is an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial." Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (citations and quotation marks omitted). While Defendant Bauman may be required to give testimony

regarding the claims against the Remaining Defendants, this Court cannot allow her testimony, or the testimony of other witnesses, to become the effective equivalent of a trial of the claims against Defendant Bauman.  In Cabral v. County of Glenn, the district court stayed the claims against Officer Jason Dahl in light of his appeal of the denial of qualified immunity, but allowed the case to proceed as to the other defendants who were not a part of the appeal. See No. 2:08-cv-00029-MCE-DAD, 2009 WL 1911692, at *2 (E.D. Cal. July 1, 2009).  The district court ordered that Officer Dahl could be deposed during the pendency of the appeal, but neither he nor any other witnesses could testify regarding issues that related solely to the claims against Officer Dahl or his defense of qualified immunity.  See id.

        In this Court's view, the trial testimony in this case cannot be readily divided between testimony relating solely to the claims against Defendant Bauman and testimony relating solely to the claims against the Remaining Defendants.  For example, in attempting to establish the reasonableness of the Segregation Policy Decision and their supervision of Defendants Melchor, Bhalang, and Bradley, Defendants Marks and Wakabayashi may offer testimony regarding Defendant Bauman's participation in the Segregation Policy Decision and the supervision of the nurses. If Defendants Marks and Wakabayashi are prevented from presenting such evidence, it could irreparably harm their defense.  If they

are allowed to present such evidence, Defendant Bauman may be forced to address or otherwise respond to the evidence.  This would violate the stay of the claims against Defendant Bauman and, if the Ninth Circuit rules in her favor in her appeal, it would invade upon her immunity from the burden of standing trial.

This Court therefore finds that there will be irreparable harm to Defendants if the Court denies the Motion and that this factor weighs in favor of a stay.

### C. Prejudice to Plaintiff if the Court Grants a Stay

The third factor, prejudice to Plaintiff if the Court grants Defendants' Motion, weighs against a stay.  Plaintiff filed this action in November 2007, and the underlying events occurred in the summer of 2007.  Plaintiff argues that she will suffer prejudice if the entire case is stayed because a complete stay would further delay the resolution of her claims and would delay any recovery that she may be entitled to.  Plaintiff also notes that, as more time passes before trial, key witnesses may become unavailable.  For example, OCCC guard Hattie Reis, who Plaintiff argues is a critical witness, has relocated to the mainland, and intended witnesses who are currently inmates within the state correctional system may be released and Plaintiff will have no way to locate them.  In addition, memories fade over the passage of time, which may diminish the persuasiveness of witnesses' testimony.

The Court also recognizes that Plaintiff has spent a substantial amount of time and resources preparing for the January 11, 2011 trial date. Defendants filed the instant Motion on December 16, 2010, less than a month before trial and, even on an expedited basis, the Court could not hear the Motion until less than two weeks before trial. The hearing occurred after many near-trial deadlines had passed and the parties had to continue to prepare for the January 11 trial date until the Court issued its ruling on the Motion.

The Court therefore finds that Plaintiff will suffer prejudice if the Court grants a stay and that this factor weighs against a stay.

### D. **Harm to the Public Interest**

The final factor, harm to the public interest, is neutral. The public has an interest in seeing litigation resolved in a timely fashion, which weighs against a stay. The public, however, also has an interest in efficient and economical trials. Denying the stay and allowing Plaintiff to proceed to trial against the Remaining Defendants may result in two separate trials, which would be more expensive and less efficient. This weighs in favor of a stay. In light of the public's competing interests, the harm to the public interest is a neutral factor.

Having considered all of the relevant factors, the Court recognizes that this is a close issue because Defendants

will be prejudiced if the Court denies the stay and Plaintiff will be prejudiced if the Court grants the stay.  On balance, however, the Court finds that a stay is necessary to ensure a full and fair trial of all claims.  This Court finds that it cannot fully and fairly try the claims against the Remaining Defendants without intruding upon the claims against Defendant Bauman, which have been stayed pending appeal.  Further, testimony during the trial of the claims against the Remaining Defendants may relate to the stayed claims against Defendant Bauman, and this would be prejudicial to here.  The Court therefore GRANTS the Motion, and stays the trial against Defendants Melchor, Bhalang, Bradley, Marks, and Wakabayashi.

### CONCLUSION

On the basis of the foregoing, Motion for Stay of Action Pending Appeal, filed December 16, 2010, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 7, 2011.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LEAH CASTRO, ET AL. V. LEROY MELCHOR, ET AL; CIVIL NO. 07-00558 LEK; ORDER GRANTING DEFENDANTS' MOTION FOR STAY OF ACTION PENDING APPEAL**